IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Nathan Orlando Cureton, <br><br> Petitioner, <br><br> v. <br><br> Scotty Bodiford, <br><br> Respondent. | C/A No. 9:23-03568-JFA-MHC <br><br><br> **ORDER** |

Petitioner Nathan Orlando Cureton ("Petitioner"), proceeding *pro se,* commenced this action by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to a Magistrate Judge for review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines this action be dismissed without prejudice. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner was advised of his right to object to the Report, which was entered on the docket on August 29, 2023. (ECF No. 5). The Magistrate Judge required Petitioner to file

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

objections by September 12, 2023. *Id.* However, Petitioner failed to file any objections.[2] In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Briefly, Petitioner is a pre-trial detainee at the Greenville County Detention Center. Petitioner faces pending state charges for assault/attempted murder (2022A23330203857), domestic violence of a high and aggravated nature (2022A3330203858), possession of a weapon during a violent crime (2022A3330203859), two counts of kidnapping (2022A2330203860 and 2022A2330210407), and interfering with police (2022A2330203861). He has filed the instant Petition asserting the following grounds for relief: (1) timing of trial; (2) insufficient evidence; and (3) Sixth Amendment constitutional right to a speedy trial. Petitioner contends he has been incarcerated for more than 180 days and has not been to court on his charges. Thus, he is asking this Court to dismiss the pending state charges against him.

The Report finds the Petition is subject to dismissal on abstention grounds. As the Report explains, in *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not interfere with state criminal proceedings "except

---

[2] This Court recognizes Petitioner filed a letter in this case following the issuance of the Report. (ECF No. 11). However, this Court cannot construe this letter as Petitioner's objections because he did not address the Report's findings. Petitioner states he is writing the letter to complain about his attorney and requests this Court appoint him new counsel. As Petitioner's case is pending in Greenville County Circuit Court, this Court has no authority over his case or ability to appoint Petitioner new counsel. Thus, Petitioner's concerns regarding his counsel will have to be addressed by the presiding state court judge in his state criminal case.

in the most narrow and extraordinary circumstances." *Gilliam v. Foster*, 74 F.3d 881, 903 (4th Cir. 1996). Since *Younger*, the Court of Appeals of the Fourth Circuit has developed a test for the determining when abstention is appropriate. *See Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). The Report conducts the requisite test with the underlying facts in mind and determines this case meets all criteria for abstention under Younger. Further, the Report concludes Petitioner has failed to allege any extraordinary circumstances to show pretrial intervention would be appropriate. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987).

This Court agrees with the Report's conclusions and finds abstention is appropriate in this case. Petitioner is detained and awaiting trial on his pending state criminal charges. The state of South Carolina has a significant interest in Petitioner's case as he has been alleged to have violated South Carolina state law. Finally, Petitioner's state proceedings will still provide him with an opportunity to vindicate any violation of his federal constitutional rights. Because Petitioner did not object, Petitioner has failed to demonstrate "special circumstances" that would allow this Court to review his § 2241 Petition despite the above facts. Therefore, this Court adopts the Report and Recommendation in full.

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation in full. (ECF No. 5) and the Petition (ECF No. 1) is dismissed without prejudice. Additionally, to the extent Petitioner's letter filed on the

docket after the issuance of the Report could be construed as a motion for appointment of counsel, Petitioner's request is denied as this Court has no authority over Petitioner's state criminal case pending in Greenville County Circuit Court. (ECF No. 11).

It is further Ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

October 11, 2023
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).